UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN M. BEVALAQUE                                              PETITIONER

V.                                CIVIL ACTION NO. 3:23-CV-273-KHJ-RPM

SUPERINTENDENT MARC MCCLURE, et al.                          RESPONDENTS

ORDER

Before the Court is Magistrate Judge Robert P. Myers, Jr.'s [12] Report and Recommendation. The Court adopts it, grants Respondents' [6] Motion to Dismiss, and dismisses with prejudice Petitioner's [1] Petition for Writ of Habeas Corpus.

I.   Background

Petitioner John M. Bevalaque's conviction became final in 2012. [12] at 3. But he waited until 2023 to file this counseled federal habeas action. [1]. So the question is whether he is entitled to equitably toll the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations by over a decade. *See* 28 U.S.C. § 2244(d). To answer that question, the Court first outlines the proceedings before it. It then sums up the parts of the record most relevant to equitable tolling.

A.  These Proceedings

The proceedings before this Court frame Bevalaque's evolving request for equitable tolling. So the Court starts there.

At first, Bevalaque thought his [1] Petition was timely. That was so, he said, because he filed "within one year of April 26, 2022." Mem. Supp. Pet. [2] at 6.

Bevalaque apparently believed that April 26, 2022, was the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking [such] review." *See id.* (quoting 28 U.S.C. § 2244(d)(1)(A)).

That was wrong. In fact, Respondents' [6] Motion to Dismiss explained, Bevalaque's time for seeking *direct* review expired in March 2012. [6] at 16. It was his third round of *state habeas* review that ended on April 26, 2022. *See id.* at 6, 16. So the [1] Petition was over a decade late—"absent statutory or equitable tolling," Respondents noted. [6] at 14.

"[T]olling," Bevalaque responded. Resp. [9] at 1. His tolling argument proceeded in two steps. First, he requested equitable tolling up until November 2020. *See* Mem. Supp. Resp. [10] at 2, 4–5. That was warranted, he said, because his trial counsel ignored his "repeated requests" for his discovery. *Id.* at 4–5.[1] Bevalaque finally received it in April 2020 and then filed a third post-conviction relief (PCR) motion that November. *Id.* Second, he asserted (without citation) that his third PCR motion "undeniably" tolled the limitations period. *Id.* at 5. Presumably, he thought that statutory tolling kicked in. *See id.*

That was wrong. In fact, the [12] Report explained, statutory tolling was inapplicable: He filed each PCR motion after AEDPA's limitations period expired. [12] at 3. So timeliness hinged on equitable tolling. *Id.* The Report concluded that equitable tolling was inapplicable, too: Bevalaque failed to show (1) diligence or (2)

---

[1] Bevalaque also made "repeated requests" to the "Circuit Clerk of Rankin County." [10] at 3–4. The clerk did not have the discovery. *E.g.*, [7-4] at 249 (explaining as much).

2

an extraordinary circumstance that prevented timely filing. *Id.* at 3–7. So the Report recommended dismissing the [1] Petition as time-barred. [12] at 7.

Bevalaque objected. Obj. [14]. Changing tack, he abandoned any statutory-tolling argument. *See id.* at 1–10. Instead, he requested equitable tolling given his "inability to obtain the necessary discovery." *Id.* at 6; *see also id.* at 2–10.[2]

B.  Equitable Tolling

The Court now rewinds, outlining the facts relevant to Bevalaque's request.

In 2011, Bevalaque was charged with seven counts of child exploitation. [7-1] at 47–49.[3] While detained, he was "able to review the discovery . . . while visiting with trial counsel . . . ." [14] at 3.[4] He then pleaded guilty to six counts,[5] admitting that he possessed child pornography on five DVDs and a laptop. *See* [7-1] at 37–43. The trial court accepted the plea. *Id.* at 43. And it sentenced him to 35 years, with ten suspended. *Id.* at 43–44. It entered its judgment in December 2011. *Id.* at 66–71.

Bevalaque's family waited nearly "two and ½ years" before hiring a lawyer. *See* [7-4] at 61. By the time Bevalaque filed his first PCR motion in April 2013,

---

[2] The [14] Objection also requested the "opportunity to amend and/or supplement these Objections." [14] at 2; *see also id.* at 9. The Court denies that request. The Court had extended the deadline based on counsel's representation that he would "travel to Parchman to meet with [Bevalaque] and deliver a copy of the [12] Report . . . ." Mot. [13] at 2; 1/22/2025 Text Only Order. Counsel failed to do so. And counsel failed to show good cause for a second (and indefinite) extension of Rule 72's deadline. *See* [14] at 2. Although the Court thus denies the request for a second extension, it assures Bevalaque that it has exhaustively reviewed the record before it.

[3] The Court's references to docket entries [6-1] through [6-8], as well as entries [7-1] through [7-6], are citations to the state-court record.

[4] Investigators maintained the "physical evidence described in the reports." [7-1] at 55; *see also* Miss. Code Ann. § 99-1-29.

[5] The seventh count was *nolle prossed* in exchange for the plea. [7-1] at 63–64.

3

then, AEDPA's limitations period had expired. [12] at 1, 3. The trial court dismissed that motion for want of prosecution. *See* [6-4].[6]

Through the same lawyer, Bevalaque filed a second PCR motion in December 2014. [7-1] at 5–12.[7] The trial court dismissed it, finding that Bevalaque "plainly" was not entitled to relief. *Id.* at 73. Bevalaque appealed. [6-6]. And the Mississippi Court of Appeals affirmed in August 2016. *Id.*

The record does not show what happened between then and 2020. But sometime in (or around) early 2020, Bevalaque wrote to the Mississippi Bar about getting his discovery. *See* [7-4] at 61. And in April 2020, his trial counsel at last sent over "about forty sheets" of discovery. *Id.* Bevalaque took about six months to "read, digest[,] and research" the discovery. *See* [10] at 4.

Proceeding pro se, he then filed a third PCR motion in November 2020. [7-4] at 7–46. The trial court dismissed it as untimely and successive. [6-7]. Bevalaque appealed. [6-8]. And the Mississippi Court of Appeals affirmed on April 26, 2022. *Id.*

Bevalaque filed his [1] Petition 363 days later. It raised three grounds: multiplicity, disproportionate sentencing, and ineffectiveness. [2] at 1–21. None of his arguments mentioned the discovery. *See id.*[8]

---

[6] The docket shows about 15 months of inactivity. *See* [6-2] at 2. It is unclear what, if any, action Bevalaque took during that time.

[7] The second motion was similar to the first. *Compare* [6-3], *with* [7-1] at 5–12. But it said something new: that Bevalaque "ha[d] not been able to contact" his trial counsel, but he "should be able to provide [certain discovery] within 30 days." [7-1] at 10.

[8] To be sure, he made two *evidence*-based arguments. First, he argued that his trial counsel never checked whether "there were any images at all"—"much less" child pornography—on the DVDs and laptop. [2] at 17; *see also id.* at 3 (similar). But he didn't need *discovery* to make that argument. Indeed, he made it in his 2014 PCR motion. *See* [7-1] at 9. Second, he said (without citation) that police "actually seized" two DVDs, not five.

4

\* \* \*

Against that backdrop, the Court takes up the [12] Report and [14] Objection.

II. Standard

The Court reviews de novo the portions of the [12] Report to which Bevalaque objects. 28 U.S.C. § 636(b)(1). It reviews the remaining portions under a clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court need not reiterate the Magistrate Judge's findings and conclusions. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

III. Analysis

The Court first reviews de novo the [14] Objection. It then turns to the rest of the [12] Report.

  A. Equitable Tolling

The Court overrules Bevalaque's [14] Objection.

"Equitable tolling is a discretionary doctrine that turns on the facts and circumstances of a particular case." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (cleaned up). "As a general matter," it is "warranted only in rare and exceptional circumstances." *United States v. Cardenas*, 13 F.4th 380, 382 (5th Cir. 2021) (cleaned up). A habeas petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

---

[2] at 3; *see also id.* at 17 n.13. Again, he didn't need *discovery* to make that argument. That is especially so because the discovery says that police seized "116 optical discs." [7-4] at 94.

extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up).

Bevalaque cannot make either showing. The Court explains why below, addressing each prong in turn.

1. Diligence

To begin, Bevalaque cannot show that "he has been pursuing his rights diligently." *Id.* (cleaned up).

A petitioner must show that "he pursued habeas relief with reasonable diligence . . . ." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (cleaned up). "Whether diligence is reasonable is an equitable, often fact-intensive inquiry in which courts are instructed to avoid mechanical rules and instead to draw upon decisions made in other similar cases for guidance." *Id.* at 605 (cleaned up). "What a petitioner did both before and after the extraordinary circumstances . . . may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019).

Bevalaque cannot show reasonable diligence. "Of the many considerations" bearing on that conclusion, "three are most pertinent here." *Palacios*, 723 F.3d at 605. First, he filed his first PCR motion in April 2013—after AEDPA's limitations period expired. *See* [6-3]; [7-4] at 61.[9] The [12] Report made that point. [12] at 5.

---

[9] *See also, e.g.*, *Manning v. Epps*, 688 F.3d 177, 186 (5th Cir. 2012) (finding lack of diligence where petitioner "did nothing for more than nineteen months after his conviction became final"); *Prater v. Hooper*, No. 22-30569, 2023 WL 2987571, at *1 (5th Cir. Apr. 18, 2023) (per curiam) (unpublished) ("[F]ailure to file his state habeas application for almost a full year after his conviction became final . . . strongly weighs against equitable tolling.").

But Bevalaque failed to respond. *See* [14]. Second, more than four years passed between the second and third PCR motions. *See* [6-6]; [7-4] at 7–46.[10] And third, Bevalaque waited 363 days before filing his [1] Petition. *See* [6-8].[11] For those reasons, he cannot show reasonable diligence. That alone defeats his equitable-tolling argument.

    2.  Extraordinary Circumstance

Bevalaque also cannot show that an "extraordinary circumstance . . . prevented timely filing." *Holland*, 560 U.S. at 649 (cleaned up).

The Court assumes without deciding that Bevalaque's "repeated requests" for discovery were an "extraordinary circumstance." [10] at 4–5. In any event, he cannot show that the missing discovery "prevented timely filing." *Holland*, 560 U.S. at 649; *see also Smith v. Vannoy*, 848 F. App'x 624, 628 (5th Cir. 2021) (per curiam) (requiring "causal relationship" between extraordinary circumstance and delay).

That is so for at least two reasons. First, he did not need discovery to raise the grounds in his [1] Petition. *See* [2] at 1–22; [12] at 5–7.[12] And second, he got the

---

[10] *See also, e.g., Manning*, 688 F.3d at 185 (explaining that "such an extended period of inactivity" undercuts a showing of diligence). The same principle applies to the 15-month period when he failed to prosecute his first PCR motion. *See id.* at 186 ("Complete inactivity in the face of no communication from counsel does not constitute diligence."); [6-2] at 2.

[11] *See also, e.g., Palacios*, 723 F.3d at 606 (collecting cases in which "state prisoners who were aware that their state post-conviction proceedings were no longer pending and waited to file federal habeas petitions between four and six months . . . did not exercise reasonable diligence"); *Jackson*, 933 F.3d at 411 (noting that Fifth Circuit has "deemed non-diligent a petitioner who waited seven weeks to file in federal court").

[12] Indeed, the 2013 and 2014 PCR motions asserted that trial counsel was ineffective. *See* [6-3] at 2–4; [7-1] at 6–8. They also argued that Bevalaque received a "disproportionate" sentence. [6-3] at 2; [7-1] at 6. And the [1] Petition's only other ground—multiplicity—doesn't turn on discovery. *See* [2] at 10 (arguing that "[a] single offense—possession of child pornography—was spread over seven [counts]").

7

discovery in April 2020, but he waited three years to file his [1] Petition. *See* [1]; [7-4] at 61.[13] And so he cannot show that an extraordinary circumstance "prevented timely filing." *Holland*, 560 U.S. at 649. That, too, defeats his equitable-tolling argument. The Court thus overrules his [14] Objection.

B. Remainder of Report

The rest of the [12] Report is not clearly erroneous, an abuse of discretion, or contrary to law. The Court thus adopts the Report as the opinion of this Court.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS the [12] Report, GRANTS the [6] Motion to Dismiss, and DISMISSES with prejudice the [1] Petition for Writ of Habeas Corpus. The Court will enter a separate final judgment.

SO ORDERED, this 3rd day of March, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

[13] Again, Bevalaque waited 363 days before filing. *See* [1]; [6-8]. That delay occurred not because of missing discovery, but seemingly because of a misreading of AEDPA's statute of limitations. *See* [2] at 6; *see also, e.g.*, *Jones*, 22 F.4th at 492 ("[U]nfamiliarity with the law is not an extraordinary circumstance.").